1539

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-31 Erie |
| ) | |
| DALE A. SMITH ) | (18 U.S.C. § 371, 16 U.S.C. §§ |
| ) | 3372(a)(2)(B), 3372(d)(2), 3373(d)(1)(B), |
| ) | 3373(d)(2) and 3373(d)(3)(A)(ii)) |

**INDICTMENT**

**COUNT ONE**

FILED
AUG 17 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

The grand jury charges:

**INTRODUCTION**

At all times material to this Indictment:

1. DALE A. SMITH was the owner and operator of Alleghany Mountain Ginseng in Eldred, McKean County, Pennsylvania, in the Western District of Pennsylvania, and a dealer of wild American ginseng (*Panax quinquefolius*) who was licensed in the states of Pennsylvania and New York to purchase and sell lawfully harvested American ginseng within the respective states. As a dealer in the respective states, DALE A. SMITH was required to maintain, *inter alia*, purchase and sales records.

2. DALE A. SMITH sold the wild American ginseng he purchased to dealers who placed the ginseng in interstate and foreign commerce.

3. Title 50, Code of Federal Regulations, Section 23.68 provides that states must administer a program for wild ginseng which provides of framework, including a limited harvesting season, in which wild ginseng shall be eligible for exportation in compliance with the Convention on International Trade of Endangered Species of Wild Fauna and Flora (CITES).

4. As part of the Lacy Act, Title 16, United States Code, Sections 3372, et seq., it is unlawful for a person to import, export, transport, sell receive, acquire, or purchase in interstate or foreign commerce any plant, if they knew or in the exercise of due care should have known that the plant was taken, possessed, transported, or sold in a manner unlawful under any underlying law or regulation of any state, the United States, or foreign country. The Lacy Act also prohibits the making or submission of a false record for plants that have been or are intended to be transported in interstate or foreign commerce.

5. The Lacy Act defines the term "plant" to mean any wild member of the plant kingdom, including roots, seeds, parts, or products thereof, and including trees from either natural or planted forest stands.

6. Pennsylvania and New York have promulgated regulations to protect and regulate the wild ginseng in their respective states.

7. 17 Pennsylvania Consolidated Statutes § 45.65 (a)(4) requires a ginseng dealer to maintain transaction records detailing the county of origin for ginseng plants purchased by that dealer.

8. 17 Pennsylvania Consolidated Statutes § 45.65 (c)(5) requires a ginseng dealer to submit a quarterly report relating to transaction records which shall state, among other requirements, the county of harvest for ginseng plants purchased by that dealer.

9. 17 Pennsylvania Consolidated Statutes §§ 45.70(a) and (b) requires ginseng dealers to first obtain a commercial license and a Pennsylvania ginseng certificate prior to exporting Pennsylvania ginseng from the Commonwealth.

10. 6 New York Code, Rules and Regulations 193.6(a) requires that all New York ginseng intended for export must be certified prior to export from the State.

11. 6 New York Code, Rules and Regulations 193.7(b) requires a ginseng dealer to maintain records that state, among other requirements, the county and town where the ginseng plant was dug.

12. 6 New York Code, Rules and Regulations 193.7(c) requires a ginseng dealer to make annual report of the dealer's commercial ginseng activity for each year.

## THE CONSPIRACY AND ITS OBJECTS

13. Beginning on an unknown date, but not later than September 1, 2018 and continuing through on or about January 15, 2020, in McKean County in the Western District of Pennsylvania, and elsewhere, DALE A. SMITH, did combine, conspire, confederate, and agree together with persons, known and unknown to the Grand Jury, to knowingly transport, sell, receive, acquire, and purchase plants, that is, wild American ginseng (*Panax quinquefolius*), in interstate and foreign commerce, knowing that the plants were taken, possessed, transported, or sold in a manner unlawful under the laws and regulations of Pennsylvania and New York, and did knowingly make or submit false records for those plants that were or intended to be transported in interstate or foreign commerce, in violation of 16 U.S.C. §§ 3372(a)(2)(B), 3372(d)(2), 3373(d)(1)(B), 3373(d)(2) and 3373(d)(3)(A)(ii).

## MANNER AND MEANS OF THE CONSPIRACY

14. It was part of the conspiracy that on multiple occasions, in 2018 and 2019, DALE A. SMITH purchased wild ginseng in Pennsylvania from buyers who informed DALE A. SMITH that the wild ginseng he was purchasing had been transported from other states, namely New York, without the required certifications.

15. It was further part of the conspiracy that DALE A. SMITH, knowing the wild ginseng had been transported in interstate commerce without the required certifications, did conspire

with ginseng sellers to falsify purchase and sale records to indicate that ginseng which had been harvested in New York had been harvested in Pennsylvania.

16. It was further part of the conspiracy that DALE A. SMITH falsified required quarterly Pennsylvania state purchase record forms on at least three occasions to reflect the claims made in his falsified sale and purchase records, thereby continuing to identify ginseng which DALE A. SMITH knew to have been harvested in New York as having been harvested in Pennsylvania.

17. It was further part of the conspiracy that DALE A. SMITH submitted false annual New York state purchase records by failing to document or record wild ginseng which had been harvested in New York on New York purchase record forms as required.

## OVERT ACTS

18. On or about September 3, 2018, DALE A. SMITH purchased wild ginseng in McKean County, in the Western District of Pennsylvania, that had been transported by the seller from New York into Pennsylvania without a state of origin certification.

19. On or about October 12, 2018, DALE A. SMITH made and submitted a false Ginseng Dealer Quarterly Report to the Commonwealth of Pennsylvania, Department of Conservation and Natural Resources, Bureau of Forestry, that falsely reported purchased ginseng as having been harvested within specified counties in Pennsylvania when, in reality, these quantities of ginseng had been harvested in New York and illegally imported into Pennsylvania without the required import certificates.

20. On or about January 15, 2019, DALE A. SMITH made and submitted a Ginseng Dealer Annual Record & Report to the State of New York, Department of Environmental Conservation, that failed to report ginseng harvested in the State of New York.

21. On or about September 1, 2019, DALE A. SMITH purchased wild ginseng in McKean County, in the Western District of Pennsylvania, with a value in excess of $350.00 that had

been transported by the seller from New York into Pennsylvania without a state of origin certification.

22. On or about September 2, 2019, DALE A. SMITH purchased wild ginseng in McKean County, in the Western District of Pennsylvania, that had been transported by the seller from New York into Pennsylvania without a state of origin certification.

23. On or about October 14, 2019, DALE A. SMITH made and submitted a false Ginseng Dealer Quarterly Report to the Commonwealth of Pennsylvania, Department of Conservation and Natural Resources, Bureau of Forestry, that falsely reported purchased ginseng as having been harvested within specified counties in Pennsylvania when, in reality, these quantities of ginseng had been harvested in New York and illegally imported into Pennsylvania without the required import certificates.

24. On or about January 15, 2020, DALE A. SMITH made and submitted a Ginseng Dealer Annual Record & Report to the State of New York, Department of Environmental Conservation that failed to report ginseng harvested in the State of New York.

25. On or about January 15, 2020, DALE A. SMITH made and submitted a false Ginseng Dealer Quarterly Report to the Commonwealth of Pennsylvania, Department of Conservation and Natural Resources, Bureau of Forestry, that falsely reported purchased ginseng as having been harvested within specified counties in Pennsylvania when, in reality, these quantities of ginseng had been harvested in New York and illegally imported into Pennsylvania without the required import certificates.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The grand jury further charges:

On or about September 1, 2019, in McKean County, in the Western District of Pennsylvania, DALE A. SMITH, did knowingly receive, acquire, and purchase plants with a market value in excess of $350.00, that is, wild American ginseng (*Panax quinquefolius*), in interstate commerce knowing that said plants were transported into Pennsylvania from New York in violation of and in a manner unlawful under the laws and regulations of the state of New York that protect American ginseng, specifically 6 New York Code, Rules and Regulations 193.6(a) that requires all New York ginseng intended for export must be certified prior to export from the State.

In violation of Title 16, United States Code, Sections 3372(a)(2)(B) and 3373(d)(1)(B).

## COUNT THREE

The grand jury further charges:

On or about September 2, 2019, in McKean County, in the Western District of Pennsylvania, DALE A. SMITH, did knowingly receive, acquire, and purchase plants, that is, wild American ginseng (*Panax quinquefolius*), in interstate commerce when in the exercise of due care, the defendant, DALE A. SMITH, should have known that the ginseng plants he received, acquired, and purchased were transported into Pennsylvania from New York in violation of and in a manner unlawful under the laws and regulations of the state of New York that protect American ginseng, specifically 6 New York Code, Rules and Regulations 193.6(a) that requires all New York ginseng intended for export must be certified prior to export from the State.

In violation of Title 16, United States Code, Sections 3372(a)(2)(B) and 3373(d)(2).

## **COUNT FOUR**

The grand jury further charges:

On or about October 14, 2019, in McKean County, in the Western District of Pennsylvania, DALE A. SMITH, did knowingly and unlawfully make or submit a false record for plants with a market value in excess of $350.00, that is, wild American ginseng (*Panax quinquefolius*), which were intended to be transported in interstate or foreign commerce in that the defendant, DALE A. SMITH, did make and submit a false Ginseng Dealer Quarterly Report to the Commonwealth of Pennsylvania, Department of Conservation and Natural Resources, Bureau of Forestry that reported purchased ginseng as having been harvested within specified counties in Pennsylvania when, in reality, these quantities of ginseng had been harvested in New York and illegally imported into Pennsylvania without the required import certificates.

In violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii).

## COUNT FIVE

The grand jury further charges:

On or about January 15, 2020, in McKean County, in the Western District of Pennsylvania, DALE A. SMITH, did knowingly and unlawfully make or submit a false record for plants with a market value in excess of $350.00, that is, wild American ginseng (*Panax quinquefolius*), which were intended to be transported in interstate or foreign commerce in that the defendant, DALE A. SMITH, did make and submit a false Ginseng Dealer Quarterly Report to the Commonwealth of Pennsylvania, Department of Conservation and Natural Resources, Bureau of Forestry that reported purchased ginseng as having been harvested within specified counties in Pennsylvania when, in reality, these quantities of ginseng had been harvested in New York and illegally imported into Pennsylvania without the required import certificates.

In violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii).

A True Bill,

_____
FOREPERSON

_____
STEPHEN R. KAUFMAN
Acting United States Attorney
PA ID No. 42108