IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-31 Erie |
| | ) | |
| DALE A. SMITH | ) | |

FILED
AUG 17 2021
CLERK U.S DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Paul S. Sellers, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

**I. THE INDICTMENT**

A federal grand jury returned a five-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to commit offenses against the United States<br>Beginning on an unknown date, but not later than September 1, 2018 and continuing through on or about January 15, 2020 | 18 U.S.C. § 371 |
| 2 | Receipt, acquisition, or purchase of plants, with a fair market value in excess of $350, in violation of the law or regulation of any State.<br>On or about September 1, 2019 | 16 U.S.C. §§ 3372(a)(2)(B) and 3373(d)(1)(B) |

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 3 | Receipt, acquisition, or purchase of plants in violation of the law or regulation of any State.<br>On or about September 2, 2019 | 16 U.S.C. §§ 3372(a)(2)(B) and 3373(d)(2) |
| 4 | Submission of a false record for plants, with a fair market value in excess of $350, intended to be transported in interstate commerce.<br>On or about October 14, 2019 | 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii) |
| 5 | Submission of a false record for plants, with a fair market value in excess of $350, intended to be transported in interstate commerce.<br>On or about January 15, 2020 | 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii) |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Count 1:**

In order for the crime of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit offenses against the United States, as charged in the Indictment.

2. That DALE A. SMITH was a party to or member of that agreement.

3. That DALE A. SMITH joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that DALE A. SMITH

and at least one other alleged conspirator shared a unity of purpose and the intent to achieve objectives, to commit offenses against the United States.

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.     As to Count 2:**

In order for the crime of receipt, acquisition, or purchase of plants, with a fair market value in excess of $350, in violation of any law or regulation of a State, in violation of 16 U.S.C. §§ 3372(a)(2)(B) and 3373(d)(1)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant knowingly imported, exported, transported, sold, received, acquired, or purchased the plants in interstate or foreign commerce.

2. The plants were taken, possessed, transported, or sold in violation of any law or regulation of any State, or any foreign law, that protects plants.

3. The defendant knew that the plants were possessed, transported, or sold in violation of, or in a manner unlawful under a State law or regulation.

4. The market value of the plants sold was in excess of $350.

**C.     As to Count 3:**

In order for the crime of receipt, acquisition, or purchase of plants in violation of the law or regulation of any State, in violation of 16 U.S.C. §§ 3372(a)(2)(B) and 3373(d)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

3

1.      The defendant knowingly imported, exported, transported, sold, received, acquired, or purchased the plants in interstate or foreign commerce.

2.      The plants were taken, possessed, transported, or sold in violation of any law or regulation of any State, or any foreign law, that protects plants.

3.      The defendant reasonably should have known in the exercise of due care that the plants were possessed, transported, or sold in violation of, or in a manner unlawful under a State law or regulation.

**D.     As to Counts 4 & 5:**

In order for the crime of submission of a false record for plants, with a fair market value in excess of $350, intended to be transported in interstate commerce, in violation of 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      The defendant knowingly made or submitted any false record, account, or label for, or any false identification of, any fish, wildlife, or plant which has been, or is intended to be imported, exported, transported, sold, purchased, or received from any foreign country, or;

2.      The defendant knowingly made or submitted any false record, account, or label for, or any false identification of, any fish, wildlife, or plant which has been, or is intended to be transported in interstate or foreign commerce.

3.      The defendant sold or purchased, offer of sale or purchase, or commission of an act with intent to sell or purchase fish or wildlife or plants.

4.      The market value of the plants was greater than $350.

4

## III. PENALTIES

A. **As to Count 1: Conspiracy to commit offenses against the United States (18 U.S.C. § 371):**

    1. Imprisonment of not more than five (5) years (18 U.S.C. § 371).

    2. A fine not more than the greater of:

        (1) $250,000 (18 U.S.C. § 3571(b)(3))

        <u>or</u>

        (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

    3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

    4. Any or all of the above.

B. **As to Count 2: Receipt, acquisition, or purchase of plants, with a fair market value in excess of $350, in violation of the law or regulation of any State (16 U.S.C. §§ 3372(a)(2)(B) and 3373(d)(1)(B)):**

    1. Imprisonment of not more than five (5) years.

    2. A fine of not more than $20,000.

    3. A term of supervised release of not more than three (3) years.

    4. Any of the above.

C. **As to Count 3: Receipt, acquisition, or purchase of plants in violation of the law or regulation of any State (16 U.S.C. §§ 3372(a)(2)(B) and 3373(d)(2)):**

    1. Imprisonment of not more than one (1) year.

    2.    A fine of not more than $10,000.

    3.    A term of supervised release of not more than one (1) year.

    4.    Any of the above.

**D.    As to Counts 4 & 5: Submission of a false record for plants, with a fair market value in excess of $350, intended to be transported in interstate commerce (16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii)):**

    1.    Imprisonment of not more than five (5) years.

    2.    A fine of not more than $20,000.

    3.    A term of supervised release of not more than three (3) years.

    4.    Any of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not application in this case.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

*/s/ Paul S. Sellers*

PAUL S. SELLERS
Assistant U.S. Attorney
PA ID No. 316175

6